J-S22007-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ABDU YASEEN JACKSON, | |
| Appellant | No. 1195 MDA 2016 |

Appeal from the PCRA Order May 16, 2016
In the Court of Common Pleas of York County
Criminal Division at No(s): CP-67-CR-0003015-1995

BEFORE:  SHOGAN, MOULTON, and PLATT,<sup>*</sup> JJ.

MEMORANDUM BY SHOGAN, J.:                    **FILED MAY 16, 2017**

Appellant, Abdu Yaseen Jackson, appeals from the order denying his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  In addition, counsel for Appellant has filed a motion to withdraw and a no-merit letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).  Appellant has also filed a petition to continue as a *pro se* litigant.  We grant counsel's motion to withdraw and Appellant's petition to proceed *pro se*, and we affirm the order of the PCRA court.

_____

<sup>*</sup> Retired Senior Judge assigned to the Superior Court.

We summarize the procedural history of this case as follows. In a criminal information filed September 6, 1995, Appellant was charged with aggravated indecent assault, indecent assault, and corruption of minors for actions committed against M.F., a girl who was six years old at the time of the incident.[1] On September 20, 1995, Appellant pled guilty to indecent assault and corruption of minors. Also on that date, the trial court sentenced Appellant to serve concurrent terms of incarceration of eleven and one-half to twenty-three months in the York County Prison, with the effective date of the sentence being June 18, 1995. Appellant did not file a direct appeal.

Appellant was granted parole effective April 4, 1996. On December 13, 1996, a warrant was issued for Appellant's arrest due to parole violations. On August 25, 1997, the trial court issued an order reflecting that Appellant had admitted to violating his parole and directing that Appellant's "street time" be forfeited. The order further directed that Appellant was sentenced to serve the remaining balance of his sentence, and receive credit from December 28, 1996. The August 25, 1997 order also suggested that Appellant be considered for early release as of October 15, 1997. Appellant was subsequently paroled on October 15, 1997. The order

---

[1] 18 Pa.C.S. §§ 3125, 3126 and 6301, respectively.

granting Appellant parole indicated that his maximum sentence was set to expire in March of 1998.

On February 20, 2013, Appellant, *pro se*, filed his first PCRA petition in this matter, and the PCRA court appointed counsel. On June 26, 2013, appointed counsel filed a petition to enforce Appellant's plea agreement and a writ of *habeas corpus* requesting that the court issue an order directing that Appellant was not required to register under SORNA[2] for this case. On June 26, 2013, the PCRA court issued an order denying the PCRA petition for lack of jurisdiction, and Appellant did not take an appeal. On November 20, 2013, the court of common pleas addressed the *habeas corpus* portion of Appellant's filing and issued an order declaring that Appellant was not to be listed as a sex offender under SORNA.

On April 19, 2016, Appellant, *pro se*, filed the instant PCRA petition. The PCRA court issued notice of its intent to dismiss pursuant to Pa.R.Crim.P. 907 on April 25, 2016. On May 16, 2016, the PCRA court filed an order denying PCRA relief. The trial court docket reflects that Appellant filed this *pro se* appeal on July 12, 2016.[3] On July 26, 2016, the PCRA court

---

[2] Sex Offender Registration and Notification Act, 42 Pa.C.S. § 9799 *et seq*.

[3] We note that the trial court's docket indicates Appellant's notice of appeal was filed on July 12, 2016, which is beyond the thirty-day appeal period. **See** Pa.R.A.P. 903 (setting forth thirty-day period in which to timely file appeal). Consequently, on January 23, 2017, this Court entered an order directing Appellant to show cause why his appeal should not be quashed as
*(Footnote Continued Next Page)*

- 3 -

entered an order appointing counsel to represent Appellant for purposes of this appeal. The PCRA court filed a Pa.R.A.P. 1925(a) opinion on January 3, 2017.[4]

On February 1, 2017, PCRA counsel filed a motion to withdraw and filed with this Court a *Turner*/*Finley* letter. On February 27, 2017, Appellant filed an answer in response to counsel's no-merit letter.

When counsel seeks to withdraw representation in a collateral appeal, the following conditions must be met:

*(Footnote Continued)* ──────────────

untimely. Appellant, who happens to be incarcerated presently, has responded to the rule to show cause indicating that he timely filed his notice of appeal. Specifically, Appellant notes that the PCRA court's order was mailed to him on June 14, 2016, and not received at his place of incarceration until June 16, 2016. This averment is supported by time stamps on the copy of the envelope in the certified record. Further, our review of the certified record indicates that on July 7, 2016, Appellant placed his notice of appeal in the institutional mailbox as reflected on the envelope containing Appellant's notice of appeal. Thus, Appellant has invoked the prisoner mailbox rule. *See Commonwealth v. Wilson*, 911 A.2d 942, 944 (Pa. Super. 2006) (recognizing that under the "prisoner mailbox rule," a document is deemed filed when placed in the hands of prison authorities for mailing). Under that rule, "we are inclined to accept any reasonably verifiable evidence of the date that the prisoner deposits the appeal with the prison authorities. . . ." *Commonwealth v. Perez*, 799 A.2d 848, 851 (Pa. Super. 2002) (quoting *Commonwealth v. Jones*, 700 A.2d 423, 426 (Pa. 1997)). In addition, our review of the certified record reflects that Appellant's certificate of service is dated July 5, 2016. Accordingly, we conclude that, pursuant to the prisoner mailbox rule, Appellant timely filed his notice of appeal.

[4] The PCRA court noted that Appellant included a Pa.R.A.P. 1925(b) statement with his notice of appeal filed on July 12, 2016. PCRA Court Opinion, 1/3/17, at 2 n.1.

       1)    As part of an application to withdraw as counsel, PCRA counsel must attach to the application a "no-merit" letter[;]

       2)    PCRA counsel must, in the "no-merit" letter, list each claim the petitioner wishes to have reviewed, and detail the nature and extent of counsel's review of the merits of each of those claims[;]

       3)    PCRA counsel must set forth in the "no-merit" letter an explanation of why the petitioner's issues are meritless[;]

       4)    PCRA counsel must contemporaneously forward to the petitioner a copy of the application to withdraw, which must include (i) a copy of both the "no-merit" letter, and (ii) a statement advising the PCRA petitioner that, in the event the trial court grants the application of counsel to withdraw, the petitioner has the right to proceed *pro se*, or with the assistance of privately retained counsel;

       5)    The court must conduct its own independent review of the record in light of the PCRA petition and the issues set forth therein, as well as of the contents of the petition of PCRA counsel to withdraw; and

       6)    The court must agree with counsel that the petition is meritless.

***Commonwealth v. Daniels***, 947 A.2d 795, 797-798 (Pa. Super. 2008) (internal punctuation marks omitted).

In the present case, counsel complied with the requirements for withdrawal from a collateral appeal. In the motion filed with this Court, counsel alleged that she thoroughly reviewed the case, evaluated the issues, and concluded there were no issues of merit. Counsel also listed the issues relevant to this appeal in her no-merit letter, and explained why the appeal is without merit. In addition, counsel averred that she sent Appellant a copy

of the motion to withdraw and the no-merit letter, which advised Appellant of his right to proceed *pro se* or by privately retained counsel. Thus, we will allow counsel to withdraw if, after our review, we conclude that the issues relevant to this appeal lack merit.

We have discerned the following issues, which were presented by PCRA counsel on behalf of Appellant in the ***Turner/Finley*** letter:

1. Whether there was ineffective assistance of counsel?

2. Whether there is newly exculpatory evidence?

3. Whether the guilty plea was unlawfully induced?

***Turner/Finley*** Letter at 5.

When reviewing the propriety of an order denying PCRA relief, we consider the record "in the light most favorable to the prevailing party at the PCRA level." ***Commonwealth v. Stultz***, 114 A.3d 865, 872 (Pa. Super. 2015) (quoting ***Commonwealth v. Henkel***, 90 A.3d 16, 20 (Pa. Super. 2014) (*en banc*)). This Court is limited to determining whether the evidence of record supports the conclusions of the PCRA court and whether the ruling is free of legal error. ***Commonwealth v. Rykard***, 55 A.3d 1177, 1183 (Pa. Super. 2012). We grant great deference to the PCRA court's findings that are supported in the record and will not disturb them unless they have no support in the certified record. ***Commonwealth v. Rigg***, 84 A.3d 1080, 1084 (Pa. Super. 2014).

Before we review the issues raised by Appellant, we must first consider whether Appellant is eligible for relief under the PCRA. Thus, we must address whether Appellant satisfied the requirements of the PCRA, which are as follows:

> **(a) General rule. --** To be eligible for relief under [the PCRA], the petitioner must plead and prove by a preponderance of the evidence all of the following:
>
> > (1) That the petitioner has been convicted of a crime under the laws of this Commonwealth and is at the time relief is granted:
> >
> > > (i) **currently serving a sentence of imprisonment, probation or parole for the crime**;
> > >
> > > (ii) awaiting execution of a sentence of death for the crime; or
> > >
> > > (iii) serving a sentence which must expire before the person may commence serving the disputed sentence.

42 Pa.C.S. § 9543 (emphasis added).

Our Supreme Court and this Court have consistently interpreted Section 9543(a) to require that a PCRA petitioner be serving a sentence while relief is being sought. *Commonwealth v. Ahlborn*, 699 A.2d 718, 720 (Pa. 1997); *Commonwealth v. Martin*, 832 A.2d 1141, 1143 (Pa. Super. 2003). As our Supreme Court explained in *Ahlborn*, the denial of relief for a petitioner who has finished serving his sentence is required by the plain language of the PCRA statute. *Ahlborn*, 699 A.2d at 720. To be eligible for relief a petitioner must be currently serving a sentence of

imprisonment, probation or parole. *Id*. To grant relief at a time when an appellant is not currently serving such a sentence would be to ignore the language of the statute. *Id*.

Moreover, we have explained that "the [PCRA] preclude[s] relief for those petitioners whose sentences have expired, regardless of the collateral consequences of their sentence." ***Commonwealth v. Fisher***, 703 A.2d 714, 716 (Pa. Super. 1997). It is well settled under Pennsylvania law that the PCRA court loses jurisdiction the moment an appellant's sentence expires. ***See Commonwealth v. Turner***, 80 A.3d 754, 769 (Pa. 2013) (holding that when a petitioner's sentence expires while his PCRA petition is pending before the PCRA court, the PCRA court loses jurisdiction to rule on the merits of the petition).

Our review of the record reflects that Appellant invoked the PCRA when he filed his *pro se* PCRA petition on April 19, 2016. However, our review of the record also reveals that on September 20, 1995, Appellant was sentenced to two concurrent terms of incarceration of eleven and one-half to twenty-three months. In addition, in his first PCRA petition filed on February 20, 2013, Appellant averred that "[o]n March 13th, 1998, [m]y maximum expiration date came and was completed." PCRA Petition, 2/20/13, at 7. Likewise our review of the certified record reflects that Appellant appended to his first PCRA petition, at Exhibit B, a letter dated January 15, 2013, from

the York County Adult Probation Department stating that the maximum

expiration time passed in regards to this sentence:

> I am writing in response to your correspondence dated December 10, 2012. My research revealed two (2) cases (listed above). I have enclosed AOPC records for both cases. **The first, 3015-1995, is the case you refer to in your letter. You were sentenced to serve 11 1/2 to 23 months in the York County Prison on September 20, 1995.** You were paroled on April 4, 1996. On December 28, 1996 a parole warrant was served on you. On August 25, 1997 you were found in violation and sentenced to the unserved balance, effective December 28, 1996. You were paroled October 15, 1997. **Your maximum expiration date on this case was March 13, 1998. No violation action was ever pursued in that case and it expired on March 13, 1998.**

Letter, 1/15/13, at 1 (emphases added). Hence, the record indicates

Appellant has finished serving his sentence pertinent to the instant

conviction.

Therefore, Appellant cannot satisfy the requirements of the PCRA.

Accordingly, the PCRA court had no authority to entertain a request for relief

under the PCRA. Appellant is ineligible for relief pursuant to the PCRA, and

the PCRA court's dismissal of Appellant's PCRA petition on October 18, 2013,

was proper.

Upon our independent review, no relief is due and the PCRA court's

determination is supported by the record and free of legal error. Also,

having determined that Appellant is not entitled to PCRA relief, we allow

counsel to withdraw under the precepts of **Turner/Finley** and grant

Appellant's request to proceed as a *pro se* litigant.

Motion to withdraw granted. Petition to proceed *pro se* granted.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/16/2017